UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AGEE MARTIN, JR.,

    Petitioner,

vs.                                 Case No. 8:04-CV-178-T-27MSS
                                     Crim. Case No. 8:00-CR-324-T-27MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and the Government's Response in Opposition (CV Dkt. 4). Upon consideration, Petitioner's Motion is DENIED.

On September 7, 2000, Petitioner was indicted and charged in five counts with, (1) conspiracy to manufacture methamphetamine (Count One), (2) conspiracy to distribute methamphetamine (Count Two), (3) the manufacture of fifty (50) grams of more of methamphetamine (Count Three), (4) possession with intent to distribute fifty (50) grams of more of methamphetamine, and (5) possession of pseudoephedrine with the intent to manufacture methamphetamine (Count Five). (CR Dkt. 1). Petitioner initially pleaded guilty to Count Four of the Indictment pursuant to a written plea agreement. (CR Dkts. 55, 56). Petitioner's plea agreement provided that the Government would consider whether to file a motion pursuant to USSG § 5K1.1 for departure based on substantial assistance. (CR Dkt. 55, pp. 3-4, ¶ 8). The plea agreement specifically provided:

> If cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or both.

(CR Dkt. 55, pp. 3-4, ¶8)

The plea agreement further provided, "In any case, the defendant understands that the determination as to whether 'substantial assistance' has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack or otherwise." (CR Dkt. 55, p. 4)

On June 11, 2001, the date of Petitioner's original sentencing hearing, the Court heard argument on Petitioner's Motion for Discharge of Defendant Martin or, Alternatively, Motion to Specifically Enforce Plea Agreement and Award 5K1 Credit or, Alternatively, Supplementation of Motion to Withdraw Guilty Plea to Count IV of the Indictment. (CR Dkt. 71). In his motion, Petitioner's counsel argued that he did not become aware until the date of the original sentencing hearing that the Government did not intend to file a § 5K1.1 motion. During the hearing, the Government informed that it "would not make a 5K1.1 motion because some of the information in the proffer was false." (CR Dkt. 71 at p. 3). Petitioner's motion to withdraw his guilty plea was granted. (CR Dkts. 68, 74). Thereafter, Petitioner pleaded guilty to all counts in the Indictment, without benefit of a plea agreement. (CR Dkt. 84). On January 11, 2002, Petitioner was sentenced to concurrent 121 month terms of imprisonment as to each count to be followed by three and five years of supervised release, concurrent. (CR Dkts. 93, 97). He appealed his conviction and sentence.

*On appeal, Petitioner raised this issue:*

Whether the Petitioner's due process rights were violated when the Government chose not to grant him relief pursuant to USSG § 5K1.1 without offering the Petitioner an opportunity to participate in the decision-making process.

The Eleventh Circuit Court of Appeals affirmed Petitioner's sentence and conviction. *United States v. Martin*, 52 Fed.Appx. 486 (11th Cir. 2002), *cert. denied*, 537 U.S. 1223 (2003). (CR Dkt. 109). Petitioner's timely § 2255 Motion to Vacate followed.

In his motion, Petitioner raises two grounds. First, he contends that his second guilty plea was not entered knowingly and voluntarily. Secondly, he contends that he received ineffective assistance of counsel when his counsel failed during the sentencing hearing to (1) proffer information related to substantial assistance provided by the Petitioner; and (2) object when the Government did not request a downward departure for substantial assistance. Petitioner's claims are facially without merit.

In the context of a § 2255 motion, a defendant who pleads guilty "waives all non-jurisdictional challenges to the constitutionality of the conviction" and may only attack the voluntary and knowing nature of his plea. *See Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). Representations of a defendant during the plea colloquy, together with findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The defendant's declarations in open court during the plea colloquy carry "a strong presumption of verity" which cannot be overcome by conclusory and contradictory allegations. *Id.* Moreover, the strong presumption of verity and defendant's

responses to the court's plea colloquy cannot be overcome by a bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988).

Petitioner claims that his second guilty plea was not entered knowingly and voluntarily because he did not understand that a reduction for substantial assistance pursuant to § 5K1.1 was solely at the discretion of the Government. He contends that he entered his guilty plea based on a promise from the Government that he would receive a downward departure. (CV Dkt. 1, p. 6). The record refutes Petitioner's contentions.

During Petitioner's first guilty plea hearing on March 26, 2001, he was expressly informed by the court that although the Government had agreed to consider filing a motion for downward departure based on substantial assistance, the decision to file such a motion was "entirely up to the government." (CR Dkt. 70, p. 13). Petitioner acknowledged his understanding of this provision. The court expressly asked Petitioner whether he understood that the "decision is entirely up to the Government," to which Petitioner responded, "Yes, sir." (CR Dkt. 70, p. 13). The record is clear, therefore, that prior to entry of his second guilty plea, Petitioner acknowledged understanding that there was no guarantee that the Government would file a § 5K1.1 motion for downward departure and that the decision was entirely up to the Government. Almost six (6) months later, Petitioner entered his second guilty plea. (CR Dkt. 84).

During his second guilty plea hearing, the district court conducted a thorough and complete Rule 11 plea colloquy, during which the Petitioner acknowledged his full understanding of the consequences of his guilty plea. The district court found that the Petitioner made a knowing and voluntary guilty plea to the Indictment as charged.

The record conclusively refutes Petitioner's contention that his second guilty plea was not

entered knowingly and voluntarily. During his first change of plea hearing, Petitioner expressly acknowledged his understanding that the decision as to whether a motion for downward departure based upon substantial assistance pursuant to § 5K1.1 would be filed was solely the discretion of the Government. When it became apparent that the Government had determined not to file a motion pursuant to § 5K1.1, Petitioner, through counsel, sought relief from the Court either requiring the Government to give him § 5K1.1 credit or alternatively, authority to withdraw his guilty plea. (CR Dkt. 71). He was granted leave to withdraw his plea. Thereafter, Petitioner pled guilty "straight up" to all counts in the Indictment, without any agreement or understanding whatsoever with the Government, as the Rule 11 colloquy demonstrates. The record demonstrates, therefore, that Petitioner's second guilty plea was knowingly and voluntarily entered. Petitioner's contention to the contrary is facially without merit.

With respect to Petitioner's contention that he did not receive effective assistance of counsel, that claim is likewise without merit. To demonstrate ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by the deficient performance. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In order for performance to be deficient, Petitioner must show that counsel's performance was outside the wide range of professional competence. *Strickland,* 466 U.S. at 690. When a defendant pleads guilty, counsel need only provide the client with an understanding of the law in relation to the facts so that the defendant can make an informed and conscious choice between pleading guilty and proceeding to trial. *See Wofford v. Wainwright,* 748 F.2d 1505, 1508 (11th Cir. 1984). Counsel need only make an independent examination of the facts, circumstances, pleadings and laws involved and then offer counsel's informed opinion as to the best course to be followed by

the client. *Id.*

Petitioner contends that his attorney rendered ineffective assistance of counsel when he failed to proffer information relating to Petitioner's substantial assistance to the Court and failed to object to the Government's decision not to file a § 5K1.1 motion. (CV Dkt. 1, p. 12). This contention is refuted by the record. Counsel filed a motion not only bringing Petitioner's substantial assistance to the attention of the Court but also attempting to enforce Petitioner's plea agreement to require the Government to file a § 5K1.1 motion. (CR Dkt. 71). Accordingly, the record reflects that Petitioner's counsel did make the Court aware of Petitioner's position on substantial assistance prior to sentencing. Moreover, counsel objected, through his motion, to the Government's declination to file a § 5K1.1 motion. Petitioner's attorney acted reasonably in expressing his disappointment in not being able to convince the Government to file a § 5K1.1 motion rather than continuing to maintain a futile objection.

The decision to file a § 5K1.1 motion rests exclusively with the Government and courts are precluded from intruding into prosecutorial discretion absent an allegation *and* a substantial showing that the decision was based upon a constitutionally impermissible motive, such as race or religion. *United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993)(*citing Wade v. United States*, 504 U.S. 181 (1992)). In response to the Government's decision not to file such a motion, defense counsel acted reasonably in seeking relief, including authority for his client to withdraw his guilty plea. Moreover, counsel's performance could not have affected the outcome of the plea process or sentencing. In short, Petitioner cannot show that counsel's performance was deficient or that his claimed deficient performance prejudiced Petitioner.

Significantly, Petitioner does not contend that he would not have entered a guilty plea or that

he wanted to proceed to trial but for counsel's performance. To the contrary, Petitioner seeks an order from the Court "to correct the sentence imposed . . . to reflect a downward departure pursuant to USSG § 5K1.1." (CV Dkt. 1, p. 8). He maintains that he wants to set aside his guilty plea and once again plead guilty. Essentially, Petitioner continues to complain about the Government's decision not to file a § 5K1.1 motion on his behalf. His claim that he received ineffective assistance of counsel in this regard is without merit, as he has failed to meet both prongs of the *Strickland* test. He cannot and has not demonstrated deficient performance and resulting prejudice. Upon consideration, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this 28th day of August, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner/pro se
Counsel of Record